```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
FELESTASIA G. MAWERE,               :
                                    :
                Plaintiff,          :    09 Civ. 1342
                                    :    (BSJ)(DF)
          v.                        :
                                    :    Order
CITCO FUND SERVICES, (USA) INC.,    :
HANIA ABROU-MCCARTHY, and           :
ANN FRECHETTE,                      :
                                    :
                Defendants.         :
                                    :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Felestatsia Mawere's objections to Magistrate Judge Debra Freeman's Report and Recommendation ("R&R" or "9/19/11 Report"), which recommends that Defendants' renewed attorneys' fees application be granted in part and denied in part, and that Plaintiff be ordered to pay Defendants attorneys' fees in the amount of $29,547.50. For the reasons provided below, the Court adopts the R&R, overrules Plaintiff's objections, and orders Plaintiff to pay Defendants the sum of $29,547.50

## DISCUSSION

**I.  Standard of Review**

The Court reviews de novo any portions of an R&R to which there are specific written objections. See Andino v. Fischer, 698 F. Supp. 2d 362, 368 (S.D.N.Y. 2010) (citations omitted).

The Court adopts portions of an R&R that a party has not specifically objected to unless those portions are clearly erroneous or contrary to law.  See id. (citations omitted).

**II.  Plaintiff's Objections**

Plaintiff raises two specific objections to the R&R.  The first is that Defendants are not entitled to fees related to researching Plaintiff's Section 1981 claim in preparation for Defendants' summary judgment motion.  Plaintiff first asserts that a fee award is not warranted because Magistrate Judge Freeman found that the Section 1981 claim was not frivolous, and, therefore, under the standard articulated by the Supreme Court in Fox v. Vice, 131 S. Ct. 2205, 2215 (2011), Defendants may not be compensated for work done in connection with that non-frivolous claim.  This argument is factually untenable. Magistrate Judge Freeman's original R&R, dated February 7, 2011, found that "following Defendants' depositions, [Plaintiff] no longer had a reasonable basis for pursuing her Section 1981 claims," 2/7/11 Report at 8, and that Defendants would be entitled to compensation for fees incurred in preparation of the summary judgment motion that related to the Section 1981 claim if Defendants renewed their application and included sufficiently apportioned documentation, id. at 12.

Plaintiff asserts alternatively that the time allotted to Defendants' Section 1981 research was inflated because

Defendants' counsel possess such vast experience that locating the proper standard for Section 1981 claims would require no more than de minimus research. The record establishes that one attorney conducted 2.6 hours of research on the issue. See 9/19/11 Report at 12. Magistrate Judge Freeman found that the number of hours appears is reasonable, id. at 13, and this Court agrees.

In a final effort to avoid paying for Defendants' Section 1981 summary judgment research, Plaintiff argues that Defendants knew at the time they undertook the research that Plaintiff planned to withdraw her federal claims, including the Section 1981 claim, and that the research was therefore unwarranted. In addition, Plaintiff contends that after it became clear that she could not continue to prosecute the Section 1981, Plaintiff did not further pursue the claim and began settlement negotiations with Defendants. Settlement negotiations continued through March 26, 2011, and summary judgment motions were due March 31, 2011. Plaintiff did not withdraw the Section 1981 prior to the end of the settlement negotiations. Under these circumstances and although Defendants were partially responsible for the delay in finalizing a stipulation of dismissal, Defendants nonetheless had to begin preparing their summary judgment motion prior to March 26, 2011. And, it was Plaintiff's responsibility to withdraw its claims. Accordingly, Defendants are entitled to

fees incurred in researching the Section 1981 claim in preparation for their summary judgment motion.

Plaintiff's second objection concerns fees incurred in preparing Defendants' original and renewed applications for attorneys' fees ("fees on fees"). According to Plaintiff, fees on fees should be awarded only where Defendants have actually been awarded underlying fees, and because Defendants' initial fee application was denied and Defendants' renewed application should be denied, Defendants are entitled to no fees on fees.[1] The only legal authority Plaintiff offers in support of this proposition is Valley Disposal, Inc. v. Central Vermont Solid Waste Management District, in which the Second Circuit held that where underlying fees are granted, fees incurred in preparing the fee application are also warranted. See 71 F.3d 1053, 1060 (2d Cir. 1995). Plaintiff endeavors unsuccessfully to infer from that holding a corollary rule that would universally prohibit the award of fees on fees where underlying fees are not awarded.

To the contrary, fees on fees are determined in the same manner as underlying fees, Valley Disposal, 71 F.3d at 1059, and fees on fees are therefore appropriate where they were incurred solely as a result of a plaintiff's frivolous claims, Fox, 131

---

[1] Plaintiff also argues that in the event this Court determines that some fees on fees are appropriate for the Section 1981 research, such underlying fees are de minimus and warrant no compensation. The Court has already considered and rejected this argument. See supra.

4

S. Ct. at 2215.  The Court already determined that Defendants are entitled to fees related to Plaintiff's various frivolous claims.  See supra.  It follows that Defendants are entitled to reasonable fees incurred in connection with the preparation of the portions of the initial and renewed fee applications which relate specifically to Plaintiff's frivolous claims.  Fox, 131 S. Ct. at 2215.  Upon thorough examination of Defendants' renewed submissions, Magistrate Judge Freeman recommended a 50% reduction in the amount requested for fees on fees.  9/19/11 R&R at 20.  The Court agrees and finds Magistrate Judge Freeman's analysis is neither clearly erroneous nor contrary to law.

### III. Defendants' Additional Request for Fees

Defendants have requested an unspecified amount of fees in connection with the preparation of their opposition to Plaintiff's instant Objection.  At this stage, Defendants should have known to submit records in support of this application for additional fees on fees.  This Court recognizes that fees on fees are generally acceptable, and are in fact granting such fees to Defendants.  However, the Court, in its discretion, concludes that Defendants are not entitled to yet more fees where the underlying fee award amounts to $1,170.00 and Defendants have already been granted $28,377.50 in fees on fees.

### CONCLUSION

For the reasons provided above, Plaintiff's objections are overruled and the Court adopts Magistrate Judge Freeman's R&R in its entirety. Plaintiff is ordered to pay Defendants fees in the amount of $29,547.50. The Clerk of the Court is directed to close this case.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:     New York, New York
           December 27, 2011